**Joseph B. McGinley Esq. (SB #107256)**
**The Law Offices of Joseph B. McGinley**
**30021 Tomas, Suite 300**
**Rancho Santa Margarita, CA 92688**
**Telephone: 949.459.2130**
**Facsimile: 877.511.3125**

**Attorneys for Plaintiffs Mary Guanlao and Francisco Guanlao**

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GUANLAO AND FRANCISCO GUANLAO, <br><br> Plaintiffs, <br><br> vs. <br><br> SUBARU OF AMERICA, INC. AND DOES 1 – 10, INCLUSIVE <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR <br> 1. STRICT LIABILITY, <br> 2. NEGLIGENCE, <br> 3. BREACH OF WARRANTY, <br> 4. EMOTIONAL DISTRESS, <br> 5. LOSS OF CONSORTIUM <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs Mary Guanlao and Francisco Guanlao, sometimes collectively referred to herein as the ("Plaintiffs"), allege causes of action against Defendants as follows:

-1-
COMPLAINT

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 (a)(1) as the matter in controversy exceeds the sum of $75,000.00, and there exists a diversity of citizenship between the parties hereto. Specifically, at all times relevant herein, the Plaintiffs are and were residents of California, residing in the City of Long Beach, in the County of Los Angeles. Plaintiffs are informed and believe and thereon allege that Defendant Subaru of America, Inc. is a New Jersey Corporation. Accordingly, there exists diversity between the parties pursuant to 28 U.S.C. Section 1332 (a)(1).

## VENUE

2. Venue over Plaintiffs' claims is proper in the Central District of California, as Plaintiffs' claims in this matter arose out of an incident wherein Plaintiffs sustained personal injuries, in the City of Long Beach, California, in the County of Los Angeles. Further, at all times relevant herein, Plaintiffs have and continue to reside in the City of Long Beach, California, in the County of Los Angeles.

## PARTIES

3. Plaintiffs, Mary Guanlao and Francisco Guanlao, are and were at all times relevant herein, residents of the County of Los Angeles, and have resided in the City of Long Beach, California, and are adults competent to bring this lawsuit in this Court. Both Plaintiffs are in excess of 80 years of age.

4. Plaintiffs are informed and believe and thereon allege that Defendant, Subaru of America, Inc. ("Subaru") is a New Jersey Corporation, with its principal place of business located in Cherry Hill, New Jersey.

# GENERAL ALLEGATIONS

5.  At all times relevant herein, Plaintiffs Mary Guanlao and Francisco Guanlao are and were a married couple.

6.  Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Subaru engaged in the business of designing, manufacturing, distributing, marketing, and/or selling Subaru passenger vehicles, including a model known as the "2017 Crosstrek." In or about April of 2017, Plaintiffs purchased a new 2017 Crosstrek vehicle from Subaru, bearing Vehicle Identification Number ("VIN") JF2GPADC7HH230265. The 2017 Subaru Crosstrek vehicle that was purchased by the Plaintiffs as alleged herein, is hereafter referred to as the ("Subject Vehicle").

7.  On or about February 5, 2018, sometime after 2 p.m., Plaintiff Mary Guanlao returned home to her residence in Long Beach, California from an errand wherein she had purchased some groceries. Plaintiff Mary Guanlao had driven the Subject Vehicle on this errand. Plaintiff Francisco Guanlao was outside in the front of Plaintiffs' residence, when Plaintiff Mary Guanlao returned home from her errand. Upon returning home, Plaintiff Mary Guanlao drove the Subject Vehicle into the driveway of her residence in Long Beach, California. After pulling the Subject Vehicle into her driveway, Plaintiff Mary Guanlao placed the Subject Vehicle into the "park position" while the Subject Vehicle was still running and asked her husband, Plaintiff Francisco Guanlao whether he should open a gate further up their long driveway, so she could move the Subject Vehicle further up their driveway and into some shade. Francisco Guanlao told his wife that the Subject Vehicle was fine where it was. Thereafter and while the Subject Vehicle was still in the park position, Plaintiff Mary Guanlao exited the Subject Vehicle and stood next to the driver's side of her Crosstrek with the driver's door open. During this time Plaintiff Francisco Guanloa had moved towards the back of the Subject Vehicle to begin removing groceries from said vehicle.

8. After Plaintiff Mary Guanlao stood directly adjacent to the Subject Vehicle with the driver's door open for approximately 10 seconds, the Subject Vehicle suddenly and unexpectedly began to roll backwards down Plaintiffs' driveway, causing Plaintiff Mary Guanlao to be struck by the door of the Subject Vehicle, and causing her to fall, and also to be struck by and run over by other portions of the Subject Vehicle, causing her to sustain serious personal injuries. Plaintiff saw his wife standing by the Subject Vehicle next to the driver's side of said vehicle for approximately 10 seconds before he heard her scream when the Subject Vehicle began to roll downhill and thereafter hit her. Francisco Guanlao attempted to stop the Subject Vehicle from rolling backward and continuing to cause severe injuries to his wife, but he was unable to do the same.

9. At all times relevant herein, Plaintiff Mary Guanlao, properly operated the Subject Vehicle and did nothing to contribute to the cause of the subject accident wherein the Subject Vehicle unexpectedly, and without warning, began to rapidly roll downhill, after the Subject Vehicle had been placed into the park setting, and after Plaintiff Mary Guanlao stood outside the Subject Vehicle for approximately 10 seconds, before the Subject Vehicle suddenly began to roll downhill. At all times relevant herein Plaintiff Mary Guanlao operated the Subject Vehicle in a reasonable and foreseeable manner. Plaintiff Mary Guanlao did nothing to take the Subject Vehicle out of the park position. The Subject Vehicle should not have rolled down Plaintiffs' driveway on its own after being placed in said park position, and after the Subject Vehicle had remained stationary in Plaintiffs' driveway for an extended period of time.

10. Subaru and DOES 1-10, inclusive, knew that the Subject Vehicle would be purchased and used without inspection for defects by the Plaintiffs. Plaintiffs are informed and believe and thereon allege that the Subject Vehicle was defective when it left the control of Subaru, and DOES 1-10, and each of them. At all times relevant

herein, the Subject Vehicle, was used in the manner intended by Subaru and DOES 1-10, and each of them. Further, the Subject Vehicle, was used in the manner that was reasonably foreseeable by Subaru, Further, Subaru never provided Plaintiffs or any other consumers with adequate warnings of the dangerous condition of the Subject Vehicle, that it was subject to rolling downhill after having been properly placed into the "park position."

11.     At all times relevant herein, Plaintiffs were new purchasers of the Subject Vehicle, and at the time of the subject incident, Plaintiff Mary Guanlao was a user of the Subject Vehicle. As new purchasers of the Subject Vehicle all "Warranties" issued by Subaru to new buyers of Subaru vehicles were in place for the benefit of the Plaintiffs herein.

## FIRST CLAIM FOR STRICT LIABILITY AGAINST DEFENDANT SUBARU OF AMERICA, INC.
## AND DOES 1-10

12.     Plaintiffs restate and incorporate by reference Paragraphs 1-11, above, as if fully stated herein.

13.     At all times relevant herein, Subaru and DOES 1-10, and each of them, designed, manufactured, distributed, and sold the Subject Vehicle known as the 2017 Crosstrek. Further, Subaru sold the Subject Vehicle new to the Plaintiffs herein, and held the Subject Vehicle out to the public in general for sale.

14.     The Subject Vehicle did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

15.     The Subject Vehicle's failure to perform safely was a substantial factor in causing Plaintiffs to suffer harm.

16. Plaintiffs are also informed and believe and thereon allege that the Subject Vehicle contained a manufacturing defect when it left Subaru's possession, and that as a result of this manufacturing defect, Plaintiffs were injured, and said defect was also a substantial factor in causing harm to Plaintiffs.

17. As a direct and proximate result of the conduct of the Defendants, and each of them, and DOES 1 through 10, as alleged herein, Plaintiffs were seriously hurt and injured in their health, strength, and activity, sustained severe shock and injury to their nervous system and persons and suffered great pain and suffering and emotional distress, all of which said injuries have caused, and continue to cause Plaintiffs mental, physical, nervous, and emotional pain and suffering, all to Plaintiffs' general damage, in an amount to be shown at the time of trial.

18. As a direct and proximate result of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff Mary Guanlao was compelled to and did employ physicians and other medical practitioners to examine, treat, and care for her injuries and did incur medical and incidental expenses. Plaintiffs are informed and believe and thereon allege that there will be some future additional medical expenses for Plaintiff Mary Guanlao, the exact amount of which is unknown at this time, and Plaintiffs will ask leave of Court to amend this Complaint to insert the amount of said expenses at such times as they are ascertained.

19. Plaintiffs also suffered significant damages in the form of property damage, and from the loss of their personal property as a result of the conduct of Defendants, and DOES 1 through 10, and each of them. Plaintiffs will seek leave of Court to amend this Complaint to set forth the amount at such time as it is ascertained, or at the time of trial.

# SECOND CLAIM FOR NEGLIGENCE AGAINST
# DEFENDANT SUBARU OF AMERICA, INC.
# AND DOES 1-10

20. Plaintiffs restate and incorporate by reference Paragraphs 1-19, above, as if fully stated herein.

21. At all times relevant herein, Subaru, and DOES 1-10 designed, manufactured, supplied, installed, and inspected, the Subject Vehicle. Subaru and DOES 1-10 were negligent in designing, manufacturing, supplying, installing, and inspecting, the Subject Vehicle. Subaru and DOES 1-10 owed a duty to Plaintiffs, Mary Guanlao and Francisco Guanlao to ensure that the Subject Vehicle was properly designed, manufactured, installed and inspected, and that it was safe for its intended use, and for the uses that Plaintiffs herein allege occurred. Plaintiff are informed and believe and thereon allege that Subaru and DOES 1-10 breached its duty to Plaintiffs herein, and negligently designed, manufactured, supplied, installed and inspected the Subject Vehicle. Subaru's negligence was a substantial factor in causing Plaintiffs' harm, as alleged herein.

22. As a direct and proximate result of the conduct of the Defendants, and each of them, and DOES 1 through 100, as alleged herein, Plaintiffs were seriously hurt and injured in their health, strength, and activity, sustained severe shock and injury to their nervous system and person and suffered great pain and suffering and emotional distress, all of which said injuries have caused, and continue to cause Plaintiffs mental, physical, nervous, and emotional pain and suffering, all to Plaintiffs' general damage, in an amount to be shown at the time of trial.

23. As a direct and proximate result of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff Mary Guanlao was compelled to and did employ physicians and other medical practitioners to examine, treat, and care for her

injuries and did incur medical and incidental expenses. Plaintiffs are informed and believe and thereon allege that there will be some future additional medical expenses, the exact amount of which is unknown at this time, and Plaintiffs will ask leave of Court to amend this Complaint to insert the amount of said expenses at such times as they are ascertained.

24.     Plaintiffs also suffered significant damages in the form of property damage, and from the loss of their personal property as a result of the negligence of Defendants, and DOES 1 through 100, and each of them. Plaintiffs will seek leave of Court to amend this Complaint to set forth the amount at such time as it is ascertained, or at the time of trial.

### THIRD CLAIM FOR BREACH OF WARRANTY AGAINST DEFENDANT SUBARU OF AMERICA, INC. AND DOES 1-10

25.     Plaintiffs restate and incorporate by reference Paragraphs 1-24, above, as if fully stated herein.

26.     Plaintiffs are informed and believe and thereon allege that Subaru and DOES 1-10 breached an implied warranty that the Subject Vehicle would be safe for its intended use. Plaintiffs are also informed and believe and thereon allege that Subaru and DOES 1-10, also breached both written and oral express warranties, that are currently unknown to the Plaintiffs herein. Plaintiffs are informed and believe and thereon allege that Subaru provided warranties to the Plaintiffs as the first-time purchasers of the new Subject Vehicle that were breached. Simply put, the Subject Vehicle should not have rolled down Plaintiffs' driveway after Plaintiff Mary Guanlao placed the Subject Vehicle into the "park position." Plaintiff is informed and believes and thereon alleges that Subaru provided warranties for the Subject Vehicle, including

but not limited to the "Powertrain Limited Warranty" and the "Transaxle/Transmission and Differential Warranty."

27. As a direct and proximate result of the conduct of the Defendants, and each of them, and DOES 1 through 100, as alleged herein, Plaintiffs were seriously hurt and injured in their health, strength, and activity, sustained severe shock and injury to their nervous system and person and suffered great pain and suffering and emotional distress, all of which said injuries have caused, and continue to cause Plaintiffs mental, physical, nervous, and emotional pain and suffering, all to Plaintiffs' general damage, in an amount to be shown at the time of trial.

28. As a direct and proximate result of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff Mary Guanlao was compelled to and did employ physicians and other medical practitioners to examine, treat, and care for her injuries and did incur medical and incidental expenses. Plaintiffs are informed and believe and thereon allege that there will be some future additional medical expenses, the exact amount of which is unknown at this time, and Plaintiffs will ask leave of Court to amend this Complaint to insert the amount of said expenses at such times as they are ascertained.

29. Plaintiffs also suffered significant damages in the form of property damage, and from the loss of their personal property as a result of the negligence of Defendants, and DOES 1 through 100, and each of them. Plaintiffs will seek leave of Court to amend this Complaint to set forth the amount at such time as it is ascertained, or at the time of trial.

## FOURTH CLAIM FOR EMOTIONAL DISTRESS AGAINST DEFENDANT SUBARU OF AMERICA, INC. AND DOES 1-10

30. Plaintiffs restate and incorporate by reference Paragraphs 1-29, above, as if fully stated herein.

31. At all times relevant herein, Plaintiff Mary Guanlao and Francisco Guanlao were a married couple. As alleged above, at the time of the subject accident, Plaintiff Francisco Guanlao was outside and personally witnessed the incident wherein the Subject Vehicle suddenly and unexpectedly started rolling backwards as his wife, Plaintiff Mary Guanlao was standing outside the Subject Vehicle adjacent to the open driver's door, causing her to sustain significant personal injuries. Accordingly, Plaintiff Francisco Guanlao was a percipient witness to his wife, Mary Guanlao being the victim in the Subject Accident, which caused him to suffer substantial emotional distress.

## FIFTH CLAIM FOR LOSS OF CONSORTIUM AGAINST DEFENDANT SUBARU OF AMERICA, INC. AND DOES 1-10

32. Plaintiffs restate and incorporate by reference Paragraphs 1-31, above, as if fully stated herein.

33. At all times relevant herein, Plaintiff Francisco Guanlao was and is the husband of Plaintiff Mary Guanlao. As a direct and proximate result of Defendant Subaru, and DOES 1-10, and each of them, and their conduct, actions, and failures to act, as alleged above in this Complaint, Plaintiff Francisco Guanlao has suffered the loss of love, care, comfort, companionship, protection, financial support, association, sexual relations, and other damages in the form of loss of consortium, as a direct and

proximate result of the injuries sustained by his wife, Plaintiff Mary Guanlao, in a manner according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

AS TO ALL CAUSES OF ACTION:

    1. General damages according to proof;

    2. All medical and incidental expenses according to proof;

    3. Loss of earnings and loss of earnings capacity according to proof;

    4. Costs of suit incurred herein;

    5. Such interest as is allowed by law; and

    6. Such other and further relief as this Court deems just and proper.

Dated:  January 30, 2020

    LAW OFFICES OF JOSEPH B. McGINLEY
    Attorneys at Law
    /s/ - *Joseph B. McGinley*
    Joseph B. McGinley
    Attorneys for Plaintiffs Mary Guanlao and Francisco Guanlao

## DEMAND FOR JURY TRIAL

Plaintiffs, Mary Guanlao and Francisco Guanlao, hereby request a Jury Trial on all issues so triable as raised in their Complaint.

Dated: January 30, 2020

        LAW OFFICES OF JOSEPH B. McGINLEY
        Attorneys at Law
        */s/ - Joseph B. McGinley*
        Joseph B. McGinley
        Attorneys for Plaintiffs Mary Guanlao and Francisco Guanlao